# United States District Court
## CENTRAL DISTRICT OF ILLINOIS

**FILED**

**AUG 1 8 2023**

CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Jeremy Martin Hoar,  )
)
Plaintiff  )
)
vs.  )
)  Case No. _____
Scott Moates  )  *(The case number will be assigned by the clerk)*
J. Frank  )
L. Drinkard  )
_____  )
_____  )
_____  )
_____  )
_____  )
,  )
)
Defendant(s)  )

*(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).*

## COMPLAINT*

*Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.*

☐  42 U.S.C. §1983 (state, county or municipal defendants)

☑  Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

☐  Other federal law: _____

☐  Unknown _____

---

***Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.**

## I. FEDERAL JURISDICTION

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

Full Name: Jeremy Martin Haar

Prison Identification Number: 08519509

Current address: PO Box 5000 Pekin, IL 61555

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: Scott Montes

Current Job Title: Medical Clinical Director

Current Work Address

Defendant #2:

Full Name: J. Frank

Current Job Title: Physician Assistant

Current Work Address

Defendant #3:

Full Name: Ms. Drinkand

2

Current Job Title: _North Central Regional Assistant Health Service Administrator_

Current Work Address _400 State Avenue Tower II Suite 800_

_Kansas City, KS 66101_

Defendant #4:

Full Name: _____

Current Job Title: _____

Current Work Address _____

_____

Defendant #5:

Full Name: _____

Current Job Title: _____

Current Work Address _____

_____

*For additional defendants, provide the information in the same format as above on a separate page.*

## III. LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or appeal in forma pauperis in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved

in this case?  Yes ☑  No ☐

If yes, please describe _Continuous denial of treatment as well as Intentional Interference of treatment once prescribed_

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☑  No ☐

3

C. If your answer to B is yes, how many? __3__ Describe the lawsuit(s) below.

   1. Name of Case, Court and Docket Number
     _Haar v. CFG Health Services LLC etal 2:22-cv-07595 CCC_
     _District of NJ_
   2. Basic claim made _Violation of 14th Amendment (denial of medical care)_

   3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still

pending?) _Pending_

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

     *Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution? Yes ☑ No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

     Yes ☑ No ☐

If your answer is no, explain why not _____

_____

C. Is the grievance process completed? Yes ☑ No ☐

1. Name of case, Court, and Docket Number

Jeremy Martin Haar v. Juan Mattos Jr. et al 2:22-cv-04827 CJCCCentralDDistrict of California

2.     Basic claim made Violation of 5th and 8th Amendment (denial of medical care)

3.Disposition:PPending

1. Namer of case, Court, and Docket Number

Jeremy Martin Haar v. Jessica Sage et al 1:23-cv-00041 JPW

Middle District of Pennsylvania

2. Basic claim made Violation of 8th Amendment (denial of medical care)

3. Disposition: Pending

## V. STATEMENT OF CLAIM

Place(s) of the occurrence _Pekin, Illinois_

Date(s) of the occurrence _April 5, 2023 - current_

*State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*

*THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.*

1. Plaintiff suffered a traumatic brain injury in late 2020 and was ordered by a physician to have a CT scan done and to be taken to a neurologist.

2. Plaintiff has been in custody of the Attorney General and Bureau of Prisons for almost 3 years and still has not been taken to the neurologist or given a CT scan.

3. On April 5, 2023 plaintiff arrived at FCI Pekin after being transferred from another federal institution.

4. Plaintiff informed medical staff specifically Nurse Frank that he needed a functional migraine reliever and that he had an outstanding order for a CT scan and neurological consult.

5. Nurse Frank told plaintiff all he would give him was Tylenol and when plaintiff told him that Tylenol provides zero relief of his migraines and or the pain they cause he told plaintiff that was all he was going to get.

6. Plaintiff began submitting sick call requests as the facility was on lockdown and therefore plaintiff was unable to go to in person sick call.

7. On or about April 18, 2023 plaintiff was seen by defendant Moates upon which plaintiff requested to be prescribed his topomax or another functioning migraine medication and to be sent for a CT scan and to the neurologist as previously prescribed.

8. Defendant Moates told plaintiff he would look into providing plaintiff Topomax which plaintiff had been previously prescribed and had success with and look

5

into sending him to the neurologist as he agreed it was medically necessary to have done ASAP to properly treat plaintiff and prevent further injury.

9. Plaintiff was told to follow up in one week.

10. Plaintiff followed up the next week and was told no orders had been placed.

11. On or about May 5, 2023 reported to mornings sick call and was seen by defendant J. Frank who informed plaintiff he nor Dr. Moates would prescribe any treatment other than the ones that had been found to not work for plaintiff.

12. Plaintiff was also told his previous order for a CT scan and neurology consult wouldn't be honored.

13. Plaintiff stated he was in severe pain and suffering and would sue if his orders for treatment were not honored.

14. Defendant Frank called Dr. Moates and informed him of plaintiff's threat as well as his claims of being in constant dibilitating pain. As a result defendant placed the orders plaintiff requested however refused to provide any migraine/pain reliever.

15. On May 5, 2023 defendant Drinkard approved plaintiff for outside care

16. On or about June 1, 2023 plaintiff was seen by defendant Drinkard in regards to a BP-8 he filed stating medical was refusing to provide plaintiff treatment and was subjecting him to continuous pain and suffering

17. Defendant informed plaintiff that he was scheduled for his outside appointments however they were several months away delaying care for non-medical reason.

18. Plaintiff explained that he was in extreme pain and that defendants Moates and Frank were refusing to provide plaintiff treatment until he was seen by neurology leaving him to suffer.

19. Defendant Drinkard stated she understood and acknowledged Moates and Frank were denying plaintiff treatment but refused to do anything going as far as to say if plaintiff submitted a BP-10 that it would hit her desk and once it

6

did she'd immediately deny it.

20. On or about July 10, 2023 plaintiff once again reported to sick call and was seen by defendant Frank.

21. Plaintiff stated once again he was suffering and requested to be prescribed Amatrex which is a migraine treatment that is approved by the BOP as "formulary" and therefore would not have to be approved by regions.

22. Both defendants Montes and Frank once again refused to provide any care to plaintiff despite knowing the need and that he was in severe pain.

23. Plaintiff's daily function is currently negatively impacted significantly as a result of defendants refusal to provide treatment and delay of outside care for non-medical reasons.

7

## RELIEF REQUESTED

(State what relief you want from the court.)

A. Issue a declaratory judgement stating that:

1. Defendant Moates, Frank's, Drinkard's          actions in failing to provide adequate medical care for the plaintiff violated and continue to violate the plaintiff's rights under the Eigth Amendment to the United States Constitution.

B. Issue an injunction ordering defendants or their agents to:

1. Within 30 days take plaintiff for CT scan and to a neurologist

2. Provide plaintiff with Topomax or a similar migraine reliever immediately

3. Carry out without delay the treatment prescribed by such medical practitioner

C. Award compensatory damages against each defendant

D. Award punitive damages against each defendant

JURY DEMAND        Yes ☑        No ☐

Signed this __9th__ day of __August__ , 20 __23__ .

_____
( Signature of Plaintiff)

| Name of Plaintiff: Jeremy Martin Haur | Inmate Identification Number: 08518509 |
|---|---|
| Address: PO Box 5000 Pekin, IL 61555 | Telephone Number: |

8

